## CITY OF TERRE HAUTE v. FAGAN.

[No. 2,584.    Filed January 6, 1899.]

APPEAL.—*Assignment of Error.—New Trial.*—Assignments of error which were specified as reasons for a new trial, or should have been so presented, will not be considered on appeal, where the overruling of the motion for a new trial was not assigned as error.

From the Vigo Circuit Court. *Affirmed.*

*George E. Pugh,* for appellant.

*Peter M. Foley,* for appellee.

BLACK, C. J.—This was an action brought by the appellee against the appellant to recover damages for personal injury. The assignment of errors contains six specifications. In the first, second, and third specifications the appellant assigns error in the giving of instructions numbered one, two, and four. In the fourth specification it is assigned that the damages awarded by the jury are excessive. In the fifth specification it is assigned "that there was no notice ac-

tual or constructive, of the existence of the alleged obstruction." The sixth specification is as follows: "The court erred in refusing to allow expert witnesses to testify the unsafe condition of the wall; also erred in refusing to allow counsel for defendant to state what he intended to prove by the witness, and have the same made a part of the record, as shown on page forty-eight of the general bill of exceptions on line six." A motion for a new trial made by the appellant was overruled, but that ruling is not assigned as error.

We observe that the first four specifications in the assignment of errors were stated as causes in the motion for a new trial. If the overruling of that motion had been assigned as error, those reasons might have been brought by argument of counsel to our attention, and we might thus have been required to examine the questions so presented.

In the motion for a new trial it was stated as one of the causes that the verdict was not supported by sufficient evidence. To that cause the matter stated in the fifth specification of the assignment of errors would have been referable if the overruling of the motion had been assigned as error.

In the sixth specification of alleged errors it was attempted to embrace a number of separate rulings upon the trial, each of which should have been stated with definiteness in the motion for a new trial, and then if the ruling upon that motion had been assigned as error, such matters would have claimed our attention.

We find that counsel have failed to present properly any question upon any matter in the voluminous transcript brought to this court. The judgment is affirmed.